|aDECUIR, Judge.
Plaintiff-in-reconventioh, Jennifer Zachary, appeals a grant of summary judgment in favor of the Jefferson Davis Parish School Board. For the reasons that follow, we affirm.
FACTS
Cynthia Affeltranger-Cheramie ' and Jennifer Zachary were teachers at North-side Junior High, a Jefferson Davis Parish School. On November 6, 1996, Zachary approached Affeltranger-Cheramie in the hall to complain about Affeltranger-Chera-mie using Zachary’s name to get a videotape from another teacher. As Zachary walked away, Affeltranger-Cheramie directed an expletive toward her.
Zachary reported the incident to the principal, who took no immediate action. The following day, Zachary approached Af-feltranger-Cheramie in the gym and an altercation ensued. Both parties suffered injuries. Affeltranger-Cheramie filed suit against Zachary and the Jefferson Davis Parish School Boárd. Zachary filed a re-conventional demand against Affeltranger-Cheramie and the school board. The school board filed motions for summary judgment which were granted by the trial court. Zachary and Affeltranger-Chera-mie appealed. Affeltranger-Cheramie failed to pursue her appeal and it was dismissed by order of this court on October 13, 1999. Zachary’s appeal is currently before us.
LAW AND DISCUSSION
On appeal, Zachary contends that the trial court erred in finding that the school board was not vicariously liable for the actions of Zachary and Affeltranger-Cher-amie and, therefore, improperly granted the school board’s motions for summary judgment. We disagree.
14Summary judgment is designed to secure the júst, speédy, and inexpensive determination of every action, and that the procedure is now favored. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41. “A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.” Id. at 694. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Hayes, 685 So.2d 691. Summary judgment is the means for disposing of such disputes. Id.
The issue presented to this court is whether the school board is vicariously liable for the intentional tortious conduct of Affeltranger-Cheramie and Zachary. We think not.
*753 There is no magical formula to establish vicarious liability for intentional torts committed by employees. However, as a matter of law:
“An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours.” Scott v. Commercial Union Ins. Co., 415 So.2d 327, 329 (La.App. 2d Cir.1982) (citing Bradley v. Humble Oil & Refining Co., 163 So.2d 180 (La.App. 4th Cir.1964)). “Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer’s objective.” Id.
More specifically, our LeBrane v. Lewis decision considered the following factors in holding an employer liable for a supervisor’s actions in stabbing his fellow employee:
(1) whether the tortious act was primarily employment rooted;
(2) whether the violence was reasonably incidental to the performance of the employee’s duties;
(3) whether the act occurred on the employer’s premises; and
| ^(4) whether it occurred during the hours of employment.
292 So.2d 216, 218 (La.1974).
Baumeister v. Plunkett, 95-2270, pp. 3-4 (La.5/21/96); 673 So.2d 994, 996-97.
There is no requirement that all four of these factors must be met before liability may be found. Miller v. Keating, 349 So.2d 265 (La.1977). The particular facts of each case must be analyzed to determine whether the employee’s tortious conduct was within the course and scope of his employment. Baumeister, 673 So.2d 994. Essentially, the tortious conduct of the employee must be so closely connected in time, place, and causation to his employment-duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests. Id.
Applying the LeBrane considerations to the facts at hand, it is obvious that two factors are met because the incident occurred on school board property during hours of employment. However, we do not believe either of the remaining factors are met. Regarding the incident to performance of duties factor, we find that a physical altercation between two professionals charged with the supervision of children is not foreseeably incidental to the performance of their duties. This conclusion is supported by the assertion by both parties that they never conceived that they would become involved in such a situation.
Similarly, we do not find that the final LeBrane factor requiring that the tortious act be primarily employment rooted is met in this case. To the contrary, a public altercation between teachers in the presence of students seems to us to be in direct conflict with the objectives of the school board. Moreover, the motivation for the dispute appears to be the unauthorized use of Zachary’s name and the use of | fiexpletives by Affeltranger-Cheramie. Both these concerns are personal in nature. Accordingly, we believe the altercation was completely extraneous to the school board’s interests.
After careful consideration of the Le-Brane factors, we find that no vicarious liability attached to the school board under these circumstances. The trial court’s grant of summary judgment was warranted.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant, Jennifer Zachary.
AFFIRMED.